# FEDERAL PUBLIC DEFENDER
## DISTRICT OF NEW JERSEY
800-840 COOPER STREET, SUITE 350
CAMDEN, NEW JERSEY 08102

**RICHARD COUGHLIN**
FEDERAL PUBLIC DEFENDER

**CHESTER M. KELLER**
FIRST ASSISTANT

(856) 757-5341 Telephone
(856) 757-5273 Facsimile

April 15, 2009

Honorable Joseph H. Rodriguez
United States District Judge
Mitchell H. Cohen Courthouse
One John F. Gerry Plaza, Room 1050
P.O. Box 2797
Camden, NJ 08101

    Re:  <u>United States v. Michael Powell</u>
        Crim. No. 08-592

Dear Judge Rodriguez:

   Please accept this letter in lieu of a more formal motion *in limine* regarding the admissibility of certain evidence the Government may offer at the above trial.

   The defendant, Michael Powell, has a criminal record. The Government, in motions filed with the Court on April 6 and April 7, 2009, has indicated that it plans to use two of those convictions - a 1998 federal bank robbery conviction and a 1994 Burlington County theft by deception conviction - pursuant to Federal Rule of Evidence 609, to cross-examine Mr. Powell if he testifies at trial. The Government has specifically waived its right to seek admission of these convictions pursuant to Federal Rule of Evidence 404(b). <u>See</u> Government's Omnibus Memorandum in Response to Defendant's Pretrial Motions at Point V, page 18 ("The government has decided not to pursue a motion under Rule 404(b). The government will, however, file a motion pursuant to Federal Rule of Evidence 609 under separate cover.").

   The defense is aware, however, that the Government is going to elicit testimony from witnesses who have direct knowledge of Mr. Powell's prior convictions.  For example, it is anticipated that Government witness Everett McKinney, who served time with Mr. Powell in federal custody on a separate and unrelated conviction for bank robbery, will be called to testify. It is the defendant's request that all Government witnesses be advised by the Government and the Court that they are not to provide testimony about Mr. Powell's criminal past.  Counsel should be sensitive not to ask the witnesses any questions regarding their knowledge of Mr Powell criminal past or to elicit testimony regarding those convictions.

**A.** **The evidence of Mr. Powell's prior bank robbery is relevant to no other issue in the case except Mr. Powell's alleged propensity to commit bank robberies, and, as such, is inadmissible.**

Pursuant to Fed. R. Evid. 402, "all relevant evidence is admissible, except as otherwise provided by . . . these rules." Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The evidence of Mr. Powell's prior bank robbery is irrelevant to the instant prosecution. It is completely unrelated to the instant offense and the fact the prior bank robbery occurred does not logically tend to show that Mr. Powell was motivated to rob the current bank. Futhermore, the government need not prove, as an element of the offense, that defendant employed a specific plan or method.  Nor does the government need to show motive as an element.  In its motion papers, the government recites "overwhelming" evidence against Mr. Powell, including undercover wired statements he gave to Mr. McKinney, testimony of the tellers, and Mr. Powell's cell phone records linking him to the date, time and location of the bank.   Based upon this evidence, it is obvious that there is no need for the government to introduce the prior crime evidence.  As such, the government has agreed not to use this evidence and the defendant relies on the government's proffer that they are not pursuing this evidence.

**B.** **Assuming, *arguendo,* that Mr. Powell's prior convictions are marginally relevant, their relevance is substantially outweighed by the risk of unfair prejudice to Mr. Powell.**

 Fed. R. Evid. 403 states in pertinent part:

although relevant, the evidence may be excluded if its probable value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This is precisely the type of situation in which evidence of Mr. Powell's prior convictions tends to focus the jury on the prior crimes instead of the instant one.  It is a very short hop for the jury to improperly conclude that since the defendant did it before, he probably did it this time.  This, coupled with the strength of the government's case as described above, unfairly prejudices the defendant in a way that substantially outweighs any marginal relevance the evidence has to the purposes for which the government offers it (specific plan, method and motive).  Finally, given the evidence the government is likely to offer concerning the instant offense, the presentation of the prior crime evidence is simply a "needless presentation of cumulative evidence."

For the foregoing reasons, Mr. Powell submits that the government's motion not to use this evidence of a prior robbery pursuant to Fed. R. Evid. 404(b) should be upheld and all

government witnesses, both official and lay, should be instructed to abide by this position

Respectfully,

s/ *Christopher O'Malley*

CHRISTOPHER O'MALLEY
Assistant Federal Public Defender