**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL A. POWELL, | : | |
|  | : | Criminal No. 08-cr-00592-JHR |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| UNITED STATES OF AMERICA, | : | |
|  | : | |
| Respondent. | : | |

**RODRIGUEZ**, District Judge:

This matter is before the Court upon Petitioner's Rule 41(g) motion to return property. (Mot., Doc. No. 61.)

**I.   BACKGROUND**

In 2008, Petitioner robbed the same bank twice. U.S. v. Powell, 444 F. App'x 517, 518 (3d Cir. 2011.) He was tried by a jury and convicted of two counts of bank robbery and two counts of carrying a firearm in connection with a crime of violence. Id.; Judgment, United States v. Powell, Crim. No. 8-cr-592(JHR) (D.N.J. Nov. 16, 2009.) His conviction was affirmed on direct appeal. Powell, 444 F. App'x 517. Petitioner then brought a motion to vacate, set aside or correct a sentence, pursuant to 28 U.S.C. § 2255. This Court denied the motion. Powell v. U.S.,

1

13cv355 (D.N.J. June 1, 2015). Petitioner's motion for return of property pursuant to Rule 41 is now ripe.

Petitioner seeks return of his truck and of property taken from the search of his apartment at 1020 Woodlane Road, Bldg. 13, Unit 223, Edgewater Park, N.J. On August 13, 2008, the FBI created receipts for property seized from Petitioner's apartment. (Exhibit A to Rule 41(g) motion, ECF. No. 61 at 13-16). The following items are listed in the receipts:  1) silver colored gun with one magazine; 2) seven bullets; 3) receipts and business card; 4) black gloves; 5) black Eagles hat; 6) Samsung television ; 7) black pants; 8) disposable camera; 9) three pairs of black pants; 10) one pair of black pants and four pairs of shoes; 11) jewelry and "Joe Rodeo" watches; 12) Mitsubishi television; 13) receipt; 14) traffic tickets and bank information; and 15) GMC Yukon.

Respondent conceded that the Samsung and Mitsubishi televisions could be returned to Petitioner, (Response, Doc. No. 63 at 8) but argued that Petitioner is precluded by law, 18 U.S.C. § 922(g)(1), from possessing a firearm and ammunition because he is a convicted felon. (Id. at 9.) Furthermore, investigation revealed the firearm was stolen during a residential burglary on November 28, 2004, and it was returned to the lawful owner on February 12, 2012. (Id.)

Petitioner seeks return of jewelry and watches and his GMC Yukon, seized when his apartment was searched. The FBI, however, administratively forfeited those items, after giving Petitioner advance notice. (Response at 12-13.) Petitioner never filed a claim regarding the administrative forfeiture; thus, Respondent contends the items cannot be returned. (Id. at 13.)

Finally, Respondent argued that return of the remaining property was premature because Petitioner's motion pursuant to 28 U.S.C. § 2255 was pending, and the Government would need the property as evidence until the criminal proceedings terminated. Respondent agreed to return items 6 and 12 in the receipt, the two televisions. (Response at 14.)

## II. DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Property seized by the Government for use in its investigation and trial must be returned once criminal proceedings have concluded, unless the property is contraband or

3

subject to forfeiture. U.S. v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). When the criminal proceedings have terminated, the evidentiary burden shifts to the government, and it must demonstrate that it has a legitimate reason to retain the property. Id. at 377.

### A.  Firearm and Ammunition

A convicted felon cannot lawfully possess a firearm and ammunition, and such items need not be returned by the government under Rule 41(g). U.S. v. Smith, 142 F. App'x 100, 102 (3d Cir. 2005). Petitioner is a convicted felon. Therefore, he is not entitled to return of guns and ammunition.

### B.  Jewelry, Watches and GMC Yukon

Petitioner contended that no notice of seizure[1] was sent to him. (ECF No. 61 at 3.) Respondent established that on September 26, 2008 and October 8, 2008, it notified Petitioner by certified mail, return receipt requested, of the forfeiture of items 11 and 12 in the FBI receipt of August 13, 2008, jewelry and the GMC Yukon. (ECF No. 63 at 13, and Attachment D.) The notices were sent to Petitioner via his public defender, to several known past residences of Petitioner, and to Petitioner at the Salem County Correctional Facility. Id.

---

[1] The Court assumes Petitioner means he was not notified of the administrative forfeiture proceedings.

Respondent submitted documents establishing that the notices sent to Petitioner via his public defender, and to Petitioner at the Salem County Correctional Facility were signed as received (although not by Petitioner) on September 28 and 29, 2008, and October 10, 2008. (ECF No. 63-4 at 17 and 32.) Respondent also submitted a Declaration of Administrative Forfeiture for the GMC Yukon, dated January 12, 2010, and a Declaration of Administrative Forfeiture for the jewelry, dated February 26, 2010. (ECF No. 63 at 13, and Attachments E and F.)

In circumstances where notices of forfeiture are mailed to a prison, the Third Circuit Court of Appeals held "that the government had the burden of establishing that the procedures at the prison to which a forfeiture notice was sent were reasonably calculated to insure delivery of the notice to the intended recipient." Foehl v. U.S., 238 F.3d 474, 479 (3d Cir. 2001) (citing United States v. One Toshiba Television, 213 F.3d 147, 155 (3d Cir. 2000) (en banc)). Respondent has not provided any information regarding the procedures in place at Salem County Correctional Facility to make certain forfeiture notices, when received in the prison mail, are delivered to the intended recipient. Respondent will be given thirty days from the date of this Opinion and accompanying Order to do so. If Respondent fails to satisfy its burden, the Court will order return of the property or other appropriate relief.

C.   **Remaining Property**

The criminal proceedings have now terminated. Respondent must therefore return Petitioner's remaining property, including Mitsubishi T.V. Model No. CS-40307, Serial No. 505353; and items 3, 4, 5, 6, 7, 8, 9, 10, 13 and 14, identified in Exhibits A and B to the Petition (ECF No. 61 at 13-14.)

Dated: July 14, 2015

Joseph H. Rodriguez
United States District Judge